**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SRAM, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| WOLF TOOTH COMPONENTS LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW Plaintiff SRAM, LLC ("SRAM") and for its Complaint for Patent Infringement against Defendant Wolf Tooth Components LLC ("Wolf Tooth"), states as follows:

**PARTIES**

1. SRAM is a limited liability company organized and existing under Delaware law and has its principal place of business at 1000 West Fulton Market, 4th Floor, Chicago, Illinois 60607.

2. On information and belief, Defendant Wolf Tooth is a Minnesota limited liability company, with its principal place of business at 7413 Taylor Court, Savage, Minnesota 55378.

**JURISDICTION AND VENUE**

3. This is a civil action brought by SRAM for patent infringement committed by Defendant Wolf Tooth and arising under the patent laws of the United States, specifically, Title 35 of the United States Code.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

6. A substantial part of the events giving rise to SRAM's claims occurred in this District.

7. Defendant Wolf Tooth may be found and/or resides in this District by virtue of its activities in this District.

8. Directly and/or through intermediaries, Defendant Wolf Tooth sells and distributes bicycle components, including bicycle chainrings, in the United States and in this District.

9. More specifically, Defendant Wolf Tooth makes, uses, sells, offers for sale, and/or imports into the United States products advertised as "DROP STOP®" direct mount and other chainrings with "wide/narrow tooth profile for the ultimate chain retention and mud shedding ability," and further described on its website at, for example, http://www.wolftoothcomponents.com/collections/chainrings/products/asymmetric-tooth-shape-direct-mount-for-sram-gxp-cranks, with examples shown below (hereinafter "Wolf Tooth Chainring" or "Wolf Tooth Chainrings"):





10. The Wolf Tooth Chainrings have been sold in, offered for sale in, and/or imported into the United States and/or in this District by Defendant Wolf Tooth or an authorized agent thereof.

11. Defendant Wolf Tooth's bicycle components, such as the Wolf Tooth Chainrings, are available for purchase or offered for sale at bicycle shops and stores in the United States and in this District.

12. Defendant Wolf Tooth advertises its bicycle components, such as the Wolf Tooth Chainrings, in the United States and in this District.

13. Defendant Wolf Tooth's bicycle components, such as the Wolf Tooth Chainrings, are placed on bicycles in the United States and in this District.

14. Defendant Wolf Tooth's bicycle components, such as the Wolf Tooth Chainrings, are intended to operate as advertised on Defendant Wolf Tooth's website (www.wolftoothcomponents.com) and as described in its associated marketing materials.

15. Defendant Wolf Tooth has committed acts of patent infringement in this District.

16. Defendant Wolf Tooth, directly and/or through intermediaries, has for a time past and still is purposefully shipping, selling, and/or offering for sale, whether alone or as part of an end product, the Wolf Tooth Chainrings in the United States and the State of Illinois, and, more specifically, in this judicial district in competition with SRAM's products.

## BACKGROUND

17. United States Patent No. 9,182,027 B2 ("the '027 patent") issued on November 10, 2015, bearing the title "CHAINRING" and naming Markus Reiter, Raymond Florczyk, and Henrik Braedt as inventors. A copy of the '027 patent is attached hereto as Exhibit A.

18. SRAM is the owner by assignment of all right, title and interest in and to the '027 patent and has full and exclusive right to bring suit and enforce the '027 patent and to collect damages for infringement. SRAM thus has standing to sue for infringement of the '027 patent.

19. The '027 patent claims the invention of a bicycle chainring having particular features, as set forth in columns 6 through 10 of the '027 patent.

20. United States Patent No. 9,062,758 B2 ("the '758 patent") issued on June 23, 2015, bearing the title "CHAINRING" and naming Markus Reiter as inventor. A copy of the '758 patent is attached hereto as Exhibit B.

21. SRAM is the owner by assignment of all right, title and interest in and to the '758 patent and has full and exclusive right to bring suit and enforce the '758 patent and to collect damages for infringement. SRAM thus has standing to sue for infringement of the '758 patent.

22. The '758 patent claims the invention of a bicycle chainring having particular features, as set forth in columns 8 through 10 of the '758 patent.

23. The Wolf Tooth Chainring is a bicycle chainring for engagement with a drive chain.

24. The Wolf Tooth Chainring has a plurality of teeth formed about a periphery of the chainring.

25. The plurality of teeth of the Wolf Tooth Chainring includes a first group of teeth and a second group of teeth.

26. Each of the first group of teeth of the Wolf Tooth Chainring is wider than each of the second group of teeth of the Wolf Tooth Chainring.

27. At least some of the second group of teeth of the Wolf Tooth Chainring are arranged alternatingly and adjacently between the first group of teeth of the Wolf Tooth Chainring.

28. Each of the plurality of teeth of the Wolf Tooth Chainring includes a tooth tip.

29. A plane bisects the Wolf Tooth Chainring into an outboard side and an inboard side opposite the outboard side.

30. At least the majority of the tooth tip of at least one of each of the first and second groups of teeth of certain Wolf Tooth Chainrings is offset from the plane in a direction toward the inboard side of the Wolf Tooth Chainring.

31. The center of a top land of at least one of each of the first and second groups of teeth of certain Wolf Tooth Chainrings is offset from the plane in a direction toward the inboard side of the Wolf Tooth Chainring.

32. The Wolf Tooth Chainring can engage with a roller drive chain having alternating outer and inner chain links defining outer and inner link spaces, respectively.

33. Each of the first group of teeth of the Wolf Tooth Chainring is sized and shaped to fit within one of the outer link spaces of the roller drive chain.

34. Each of the second group of teeth of the Wolf Tooth Chainring is sized and shaped to fit within one of the inner link spaces of the roller drive chain.

35. Each of the first group of teeth of the Wolf Tooth Chainring fills at least 75 percent of an axial distance defined by the outer link spaces of the roller drive chain.

36. Each of the second group of teeth of the Wolf Tooth Chainring fills at least 75 percent of an axial distance defined by the inner link spaces of the roller drive chain.

37. The Wolf Tooth Chainring can be part of a bicycle crankset, such that the crankset includes a crank arm and a solitary bicycle chainring (namely the Wolf Tooth Chainring) attached to the crank arm.

38. The Wolf Tooth Chainring can be part of a bicycle drivetrain, such that the drivetrain includes a plurality of rear hub mounted sprockets, a roller drive chain connecting one of the plurality of sprockets to the Wolf Tooth Chainring, and the drive chain includes alternating outer and inner chain links defining outer and inner link spaces, respectively.

39. The Wolf Tooth Chainring includes an outboard side and an inboard side opposite the outboard side.

40. The outboard side of the Wolf Tooth Chainring includes an outboard side surface.

41. A portion of the outboard side surface of the outboard side of the Wolf Tooth Chainring forms a plane.

42. The inboard side of the Wolf Tooth Chainring includes an inboard side surface.

43. A portion of the inboard side surface of the Wolf Tooth Chainring forms a plane.

44. At least a majority of the tooth tip of at least one of each of the first and second groups of teeth of certain Wolf Tooth Chainrings is disposed closer to the plane formed by the inboard side surface of the Wolf Tooth Chainring than to the plane formed by the outboard side surface of the Wolf Tooth Chainring.

45. The center of a top land of at least one of each of the first and second groups of teeth of certain Wolf Tooth Chainrings is disposed closer to the plane formed by the inboard side surface of the Wolf Tooth Chainring than to the plane formed by the outboard side surface of the Wolf Tooth Chainring.

46. The outboard side of the Wolf Tooth Chainring can be the outermost side of the chainring and the inboard side of the Wolf Tooth Chainring can be the innermost side of the chainring.

47. The Wolf Tooth Chainring is a solitary chainring.

48. The Wolf Tooth Chainring is a solitary chainring for a bicycle front crankset for engaging a bicycle drive chain.

49. The Wolf Tooth Chainring includes a chainring body having a radially-oriented center plane.

50. The Wolf Tooth Chainring includes an inboard side and an outboard side on opposite sides of the center plane.

51. The Wolf Tooth Chainring includes a plurality of teeth formed about a periphery of the chainring body.

52. The Wolf Tooth Chainring includes one or more clearance chamfers formed about the periphery of the chainring body.

53. Each of the one or more clearance chamfers of the Wolf Tooth Chainring are disposed between adjacent pairs of the plurality of teeth.

54. Each of the adjacent pairs of the plurality of teeth of the Wolf Tooth Chainring include a first tooth having a first width and a second tooth having a second width, the first width being greater than the second width.

55. Each of the one or more clearance chamfers of the Wolf Tooth Chainring define a chainring body width less than the second width of the second tooth.

56. One or more clearance chamfers of the Wolf Tooth Chainring extend from at least one of the inboard and outboard sides of the chainring body in a direction toward the center plane of the chainring.

57. One or more clearance chamfers of the Wolf Tooth Chainring extend at an angle from about 5 degrees to about 45 degrees relative to the center plane of the chainring.

58. One or more clearance chamfers of the Wolf Tooth Chainring extend at an angle at about 25 degrees relative to the center plane of the chainring.

59. One or more clearance chamfers of the Wolf Tooth Chainring are formed on the inboard side of the chainring body.

60. One or more clearance chamfers of the Wolf Tooth Chainring are formed on the outboard side of the chainring body.

61. At least one of the one or more clearance chamfers of the Wolf Tooth Chainring are formed on the inboard side and at least one of the one or more clearance chamfers are formed on the outboard side of the chainring body.

62. Each of the one or more clearance chamfers of the Wolf Tooth Chainring extend circumferentially from one of the adjacent pairs of the plurality of teeth to the other of the adjacent pairs of the plurality of teeth.

63. Each of the one or more clearance chamfers extend circumferentially from a first base of the one of the adjacent pairs of the plurality of teeth to a second base of the other or the adjacent pairs of the plurality of teeth.

64. The plurality of teeth of the Wolf Tooth Chainring is an even number.

65. The plurality of teeth of the Wolf Tooth Chainring includes a first group of teeth and a second group of teeth arranged alternatingly between the first group of teeth.

66. Each tooth of the first group of teeth of the Wolf Tooth Chainring includes at least a first protrusion on the outboard side thereof and each tooth of the second group of teeth are free of protrusions.

67. Each of the first group of teeth of the Wolf Tooth Chainring includes a second protrusion on the inboard side thereof.

68. The first protrusion on each tooth of the first group of teeth of certain Wolf Tooth Chainrings has a first width and the second protrusion on each said tooth has a second width, the first width being equal to the second width.

69. The first protrusion on each tooth of the first group of teeth of certain Wolf Tooth Chainrings has a first width and the second protrusion on each said tooth has a second width, the first width being greater than the second width.

70. The first group of teeth of the Wolf Tooth Chainring each have a cross-shaped cross-section adjacent a base thereof.

71. The second group of teeth of the Wolf Tooth Chainring each have a rectangular-shaped cross-section adjacent a base thereof.

72. Each of the second protrusions on each tooth of the first group of teeth of the Wolf Tooth Chainring includes an undercut formed at the base thereof.

73. Defendant Wolf Tooth makes bicycle chainrings, including the Wolf Tooth Chainrings identified above, to persons for use in the United States.

74. Defendant Wolf Tooth uses bicycle chainrings, including the Wolf Tooth Chainrings identified above, to persons for use in the United States.

75. Defendant Wolf Tooth sells bicycle chainrings, including the Wolf Tooth Chainrings identified above, to persons for use in the United States.

76. Defendant Wolf Tooth offers to sell bicycle chainrings, including the Wolf Tooth Chainrings identified above, to persons for use in the United States.

77. Defendant Wolf Tooth imports and/or otherwise provides bicycle chainrings, including the Wolf Tooth Chainrings identified above, to persons for use in the United States.

**COUNT I**
**(Infringement of U.S. Patent No. 9,182,027 B2 by Defendant Wolf Tooth)**

78. SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 77 of this Complaint.

79. Defendant Wolf Tooth has infringed and continues to infringe the '027 patent by making, using, selling, and/or offering for sale within the United States or importing into the United States systems that embody one or more of the claims of the '027 patent, including at least claims 7-12 and 20-26 of the '027 patent, and/or by contributing to infringement, inducing others to infringe the '027 patent, and/or carrying acts constituting infringement under 35 U.S.C. § 271(f).

80. On information and belief, Defendant Wolf Tooth knew of SRAM's patent-pending technology relating to bicycle chainrings, including the application giving rise to the '027 patent, before the initiation of the present action and therefore Wolf Tooth's actions have been both willful and deliberate.

81. Defendant Wolf Tooth has had knowledge of the '027 patent since at least the filing date of this Complaint.

82. Defendant Wolf Tooth will continue to willfully infringe the '027 patent unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to SRAM.

83. As a direct and proximate result of the infringement by Defendant Wolf Tooth of the '027 patent, SRAM has been and continues to be damaged in an amount yet to be determined.

**COUNT II**
**(Infringement of U.S. Patent No. 9,062,758 B2 by Defendant Wolf Tooth)**

84. SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 83 of this Complaint.

85. Defendant Wolf Tooth has infringed and continues to infringe the '758 patent by making, using, selling, and/or offering for sale within the United States or importing into the United States systems that embody one or more of the claims of the '758 patent, including at least claims 1-24 of the '758 patent, and/or by contributing to infringement, inducing others to infringe the '027 patent, and/or carrying acts constituting infringement under 35 U.S.C. § 271(f).

86. On information and belief, Defendant Wolf Tooth knew of SRAM's patent-pending technology relating to bicycle chainrings, including the application giving rise to the

'758 patent, before the initiation of the present action and therefore Wolf Tooth's actions have been both willful and deliberate.

87. Defendant Wolf Tooth has had knowledge of the '758 patent since at least the filing date of this Complaint.

88. Defendant Wolf Tooth will continue to willfully infringe the '758 patent unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to SRAM.

89. As a direct and proximate result of the infringement by Defendant Wolf Tooth of the '758 patent, SRAM has been and continues to be damaged in an amount yet to be determined.

## REQUEST FOR RELIEF

WHEREFORE, SRAM respectfully prays for judgment against Defendant Wolf Tooth as follows:

- A. For a judgment holding Defendant Wolf Tooth liable for infringement of the '027 and '758 patents;

- B. For an award of damages adequate to compensate SRAM for Defendant Wolf Tooth's infringement of the '027 and '758 patents, including treble damages and other damages allowed by 35 U.S.C. § 284;

- C. For injunctive relief enjoining Defendant Wolf Tooth, their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

    - (i) from manufacturing any products falling within the scope of the claims of the '027 and '758 patents;

    - (ii) from using any product falling within the scope of any of the claims of the '027 and '758 patents;

    - (iii) from selling, offering to sell, licensing or purporting to license any product falling within the scope of any of the claims of the '027 and '758 patents;

      (iv)    from importing any product into the United States which falls within the scope of the '027 and '758 patents;

      (v)    from actively inducing others to infringe any of the claims of the '027 and '758 patents;

      (vi)    from engaging in acts constituting contributory infringement of any of the claims of the '027 and '758 patents; and

      (vii)    from all other acts of infringement of any of the claims of the '027 and '758 patents;

D. That Defendant Wolf Tooth be ordered to deliver up for destruction all infringing products in their possession;

E. That this be declared an exceptional case and that SRAM be awarded its attorneys' fees against Defendant Wolf Tooth pursuant to 35 U.S.C. § 285; and

F. For such further relief as this Court deems SRAM may be entitled to in law and in equity.

## JURY DEMAND

Plaintiff SRAM demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: December 17, 2015        Respectfully submitted,

**REED SMITH LLP**

By:   /s/ Robert E. Browne
          Robert E. Browne (No. 0321761)

10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
Telephone: (312) 207-2811
Facsimile: (312) 207-6400

and

Richard B. Walsh, Jr. (No. 6187007)
Michael J. Hickey (No. 6272404)
**LEWIS RICE LLC**
600 Washington Ave., Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile: 314) 241-6056

Attorneys for Plaintiff SRAM, LLC